IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRIJANA PEAK, | |
| Plaintiff, | **8:23CV227** |
| vs. | |
| SGT. KYLER, #1564; OFC. RENGE, #2321; OFC. LIER, #2334; OFC. KLUG, #2368; and OFC. HETHERINGTON, #2384; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Terrijana Peak ("Peak"), a non-prisoner, filed a pro se Complaint on May 30, 2023. Filing No. 1. Peak was also given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

## I. SUMMARY OF COMPLAINT

The entirety of Plaintiff's Complaint against named defendants Sergeant Kyler, and Officers Renge, Lier, Klug, and Hetherington (hereinafter, collectively "Defendants"), is contained in the following single sentence: "We were stabbed, assaulted, evidence showed and defendants refused to charge the assaulant [sic] because they are crooks using their positions to deny us due process and equal protection of law." Filing No. 1 at 1.

Although not succinctly stated, the Court construes Plaintiff's Complaint as alleging her right to due process of law and equal protection (as well as the rights of another unnamed party) were violated due to her alleged assailant not being charged with a crime by the Defendants.  Plaintiff does not set forth any remedy for the alleged violations.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's Complaint suffers from several fatal defects.

As an initial matter, to state a claim under 42 U.S.C. § 1983, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct," *see* Fed. R. Civ. P. 8(a)(2), (d)(1), and must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Moreover, a § 1983 plaintiff must state *somewhere* in the complaint that the plaintiff "sues each and all defendants in both their individual and official capacities" otherwise it is presumed the claims are only official capacity claims. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989) (emphasis added).

Here Plaintiff both fails to indicate whether she intends to sue the Defendants in their official or individual capacities and she does not connect any of the named defendants individually with the alleged violations in her Complaint. While leave to amend a deficient complaint is freely granted and "is left to the sound discretion of the district court," *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)), granting leave to amend here is futile as Plaintiff's claims seeking to compel prosecution of her alleged attacker are not cognizable.

Plaintiff has been made aware of the inability of an alleged crime victim to compel prosecution in a case she filed earlier this year. In January of 2023, Plaintiff filed a complaint, bringing similar claims against "Kyler JS64," "Rengo 2321," Donald Kleine, and

3

Nickolas Meza, as defendants, alleging due process and equal protection violations "based on law enforcement's decision to forego prosecution of [an alleged assailant] following [the alleged assailant's] alleged attack on Plaintiff" and her husband. *Peak v. Kyler*, No. 8:23CV37, 2023 WL 3478624 (D. Neb. May 16, 2023). The case was dismissed in its entirety for failure to state a claim upon which relief may be granted as crime victims cannot force or otherwise compel prosecution. *Id.* at * 2 (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 619 & n.5 (1973)). Plaintiff was also notified that she could not file a claim on behalf of her husband. *See Id.* at *3.

Here, Plaintiff alleges identical claims, albeit with less specificity than her prior complaint, against two of the same defendants. As stated in the order dismissing her prior case, Plaintiff cannot force or otherwise compel the prosecution of an alleged perpetrator, nor, as a general rule, can she bring claims on behalf of third parties. *Id.* "Moreover, a non-attorney pro se litigant may not represent someone else in federal court." *Id.* (citing 28 U.S.C. § 1654; *Iannacone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests)).

In other words, there is no difference between Plaintiff's current Complaint and the complaint filed in her prior case aside from the naming of several different defendants and her current Complaint containing fewer factual details. As such, Plaintiff's Complaint should be dismissed in its entirety because Plaintiff seeks relief that is unavailable to her and amendment would be futile.

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 1, is dismissed with prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

4

Dated this 19th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court